UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-12288-GAO

ATLANTIC BROADBAND FINANCE, LLC,
Plaintiff,

v.

DAVID KEEFE and JOSEPH CANAVAN,
Defendants.

DAVID KEEFE,
Counterclaim Plaintiff,

v.

ATLANTIC BROADBAND FINANCE, LLC,
Counterclaim Defendant.

ORDER
March 6, 2017

O'TOOLE, D.J.

The defendant and counterclaim plaintiff, David Keefe, has moved for a preliminary injunction to enjoin the plaintiff and counterclaim defendant, Atlantic Broadband Finance, LLC, from enforcing a one-year non-compete agreement and from preventing or interfering with Keefe's prospective employment within the cable television broadcast industry and, in particular, with Advanced Cable Communications, LLC.

In order to obtain a preliminary injunction, Keefe bears the burden of demonstrating that the familiar four factors weigh in his favor: (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions; and (4) the effect—if any—of the court's ruling on the public interest. See Esso Standard Oil Co. (P.R.) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) (citations omitted).

Here, Keefe has not demonstrated he would suffer such irreparable harm if he is not permitted to work for Advanced Cable for five additional months[1] that this Court should take the extraordinary step of ordering a preliminary injunction before a full adjudication on the merits. Keefe has not established that he will sustain a substantial injury that is not accurately measurable or adequately compensable by money damages. He describes his age and his desire to pursue a particular employment opportunity in an appealing location, but at base he asks the Court to speculate as to the unlikelihood that he could find other suitable positions that would give him a "reason to get up in the morning," (Tr. of Mot. Hr'g 20:12–13 (dkt. no. 27)), and to make assumptions about the marketplace that are not warranted by the current record.[2] Although there may be some cases involving opportunities that are so obviously distinctive that a judicial finding of irreparable harm would be less speculative, such as the "incomparable importance of winning a gold medal in the Olympic Games," see Reynolds v. Int'l Amateur Athletic Fed'n, 505 U.S. 1301, 1302 (1992), or the "once-in-a-lifetime opportunity" to compete in the Miss America pageant with the "chance to be Miss America, a national icon"), see Revels v. Miss Am. Org., No. 7:02CV140-F(1), 2002 WL 31190934, at *7 (E.D.N.C. Oct. 2, 2002) (emphasis omitted), Keefe has failed to demonstrate any comparably irreparable injury here. A preliminary injunction cannot flow from such a tenuous forecast of potential harm.

Consequently, Keefe's Motion for Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 65 (dkt. no. 14) is DENIED.[3]

---

[1] The non-compete agreement expires in August 2017.
[2] Additionally, there is evidence in the record that at one point Keefe intended to retire in 2016. (See, e.g., Aff. of Heather McCallion in Opp'n to David Keefe's Mot. for Prelim. Inj. ¶¶ 5–6 (dkt. no. 20); Aff. of Richard J. Shea in Opp'n to David Keefe's Mot. for Prelim. Inj. ¶ 21 (dkt. no. 21).)
[3] The parties' Joint Motion to Set Hearing Date and Briefing Schedule for Defendant David Keefe's Motion for Preliminary Injunction and to Extend Time to Respond to the Counterclaims (dkt. no. 17) is GRANTED nunc pro tunc as to Atlantic Broadband's response to Keefe's

It is SO ORDERED.

 /s/ George A. O'Toole, Jr.
United States District Judge

---

counterclaims and motion for preliminary injunction and is otherwise MOOT. Keefe's Motion for Leave to File Sur-Reply Memorandum in Support of His Motion for Preliminary Injunction (dkt. no. 24) is GRANTED.